UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. MARTIN,<br><br>    Petitioner,<br><br>    v.<br><br>AVENAL STATE PRISON WARDEN,<br><br>    Respondent. | Case No. 20-01785 EJD (PR)<br><br>**ORDER STRIKING UNEXHAUSTED CLAIM; TO SHOW CAUSE** |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction out of Contra Costa County Superior Court.[1] Dkt. No. 1. The Court denied Respondent's motion to dismiss for failure to exhaust all claims and directed Petitioner to either file notice to strike the unexhausted claim or file a motion for a stay. Dkt. No. 16. Petitioner has filed notice that he wishes to strike the unexhausted claim and proceed with the exhausted claims. Dkt. No. 17.

///

///

---

[1] This matter was reassigned to this Court on May 28, 2020. Dkt. No. 10.

# BACKGROUND

In January 2015, Petitioner was found guilty by a jury in Contra Costa County Superior Court of 17 counts of lewd conduct with a child under 14. Dkt. No. 11 at 2. Petitioner was sentenced to state prison for 12 years. *See* Exh. 1.[2]

On February 25, 2019, the California Court of Appeal affirmed the conviction in an unpublished opinion. See Exh. 1. On March 26, 2019, the state appellate court modified its opinion in minor ways which did not effect a change in the judgment. See Exh. 2.

On April 8, 2019, Petitioner filed a petition for review in the California Supreme Court, asserting four claims (and multiple subclaims) for relief. See Exhs. 3, 4. The California Supreme Court summarily denied the petition on June 12, 2019. See Exhs. 4, 5.

On June 24, 2019, Petitioner filed a petition for writ of habeas corpus in the state high court, asserting five claims and multiple subclaims for relief. See Exhs. 6, 7. The state high court summarily denied the petition on October 16, 2019. See Exh. 7.

On March 13, 2020, Petitioner filed the instant federal habeas action containing seven claims. Dkt. No. 1.

# DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

---

[2] All future references to exhibits are to Respondent's exhibits filed in support of their motion. Docket Nos. 11-2, 11-3, 11-4, Exhs. 1-7.)

**B.     Legal Claims**

Petitioner raised seven claims in the petition. Dkt. No. 1. The Court found claim 7 was unexhausted. Dkt. No. 16 at 5-6. Rather than attempt to file a motion for a stay to return to state courts to exhaust this claim, Petitioner has filed notice that he wishes to strike the unexhausted claim and procced on the exhausted claim. Accordingly, Claim 7 shall be STRICKEN from the petition and shall no longer be a part of this action. Dkt. No. 1 at 27.

Petitioner raises the following exhausted claims: (1) the admission of Dr. Caprice Haverty's testimony violated Petitioner's right to a fair trial and due process, Dkt. No. 1 at 7; (2) the admission of Dr. Anthony Urquiza's testimony violated his right to a fair trial and due process, id. at 11; (3) the prosecution engaged in misconduct during closing and trial counsel was ineffective for failing to object, id. at 13; (4) ineffective assistance of trial counsel, id. at 19; (5) ineffective assistance by appellate counsel, id. at 21; and (6) cumulative error, id. Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.     Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

2.     Respondent may file a motion to dismiss on procedural grounds in lieu of an

3

answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

3. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED**.

Dated: 3/12/2021

EDWARD J. DAVILA
United States District Judge

Order Striking Unexh. Claim; to Show Cause
P:\PRO-SE\EJD\HC.20\01785Martin_strike claim&osc